IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND LOUIS STEWART | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN V. COLEMAN, et al. | : | No. 08-5477 |
| Respondents | | |

## MEMORANDUM

LOWELL A. REED, JR., Sr. J.                                               April 21, 2009

A pro se petition for writ of habeas corpus, (Doc. No. 1), has been filed pursuant to 28 U.S.C. § 2254 by Raymond Louis Stewart ("Stewart"). Respondents have answered the petition. (Doc. No. 14). Stewart is an individual currently incarcerated in the Fayette State Correctional Institution. For the reasons that follow, the petition will be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

After a jury trial on May 30 and 31, 2001, in the Court of Common Pleas of Delaware County, Stewart was convicted of attempted burglary, burglary, theft by unlawful taking, theft by receiving and criminal trespass. Stewart was sentenced to two concurrent terms of twenty-five to fifty years of imprisonment.

Stewart filed a direct appeal. On September 26, 2003, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Stewart, Nos. 1631, 1632 EDA 2002 (Pa. Super. Sept. 26, 2003) (unpublished memorandum), attached as Ex. "F" to Respondents' Answer. The Pennsylvania Supreme Court denied Stewart's petition for allowance of appeal on December 30, 2004.

On January 24, 2005, Stewart filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel was appointed and subsequently filed an amended petition as well as a second amended petition on Stewart's behalf. On October 28, 2005, the PCRA court denied Stewart's petition without holding an evidentiary hearing. On August 10, 2006, the Superior Court affirmed the denial of Stewart's PCRA petition. Commonwealth v. Stewart, No. 3079 EDA 2005 (Pa. Super. Aug. 10, 2006) (unpublished memorandum), attached as Ex. "K" to Respondents' Answer. Stewart filed a timely petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on January 23, 2007. Commonwealth v. Stewart, No. 737 MAL 2006 (Pa. Jan. 23, 2007), attached as Ex. "M" to Respondents' Answer.

On August 27, 2007, Stewart filed a second PCRA petition. On November 8, 2007, the PCRA court dismissed Stewart's PCRA petition as untimely.[1] The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on October 28, 2008. Commonwealth v. Stewart, 3088 EDA 2007 (Pa. Super. Oct. 28, 2008) (unpublished memorandum), attached as App. "Q" to Respondents' Answer.

On November 17, 2008,[2] Stewart filed the instant petition for a federal writ of

---

[1] Pursuant to the PCRA, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

[2] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Stewart signed his habeas petition on

2

habeas corpus claiming:

> 1) ineffective assistance of counsel for failing to object to improper remarks made by the prosecutor;
>
> 2) his Fifth Amendment and due process rights were violated by the admission of evidence derived from suggestive identification procedures;
>
> 3) his constitutional rights were violated when he was forced to participate in a line-up wherein he was placed between two (2) police officers; and
>
> 4) prosecutorial misconduct.

Respondents' answer, (Doc. No. 14), asserts that Stewart is not entitled to federal habeas relief because his petition is untimely, and that, in the alternative, his claims are unexhausted and procedurally defaulted.

## **DISCUSSION:**

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the

---

November 17, 2008; therefore, I will assume that he presented his petition to prison authorities on that date.

3

> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Stewart's conviction became final on March 30, 2005, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. See S.Ct.R. 13(1) (stating petitioners have ninety (90) days to file petition for a writ of certiorari). Consequently, Stewart would normally have had until March 30, 2006, to timely file his § 2254 petition.

However, on January 24, 2005, Stewart filed his first PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one

4

(1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. See Swartz, 204 F.3d at 424. Stewart's petition was thus pending until January 23, 2007.[3] At this time, the one (1) year grace period began to run and Stewart had one (1) year, or until January 23, 2008, to file a timely § 2254 petition. Stewart filed his petition on November 17, 2008, over nine (9) months after the limitation period expired on January 23, 2008.[4] He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition

---

[3]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period. Lawrence v. Florida, 549 U.S. 327, 332 (2007).

[4]On August 27, 2007, Stewart filed a second PCRA petition; however, this petition would not toll the federal statute of limitations because the petition was deemed untimely and thus, was not "properly filed." See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely PCRA petition is not "properly filed" application for relief entitled to statutory tolling under 28 U.S.C. § 2254(d)(2)). Consequently, the time during which this appeal was pending would not impact this court's calculations regarding the one (1) year limitation period.

5

involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Stewart would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence, 549 U.S. at 336 ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. N.J. State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 549 U.S. at 336 (citing Pace, 544 U.S. at 418); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise

to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Stewart presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.[5] Because Stewart has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Stewart's petition must be dismissed as untimely.

An appropriate order follows.

---

[5]Indeed, Stewart does not address the timeliness of the instant petition in any way.