IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND LOUIS STEWART | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN V. COLEMAN, et al. | : | |
| Respondents | : | No. 08-5477 |

**MEMORANDUM AND ORDER**

LOWELL A. REED, JR., Sr. J.

AND NOW, this 3rd day of August, 2009, upon consideration of petitioner's objection (Doc. No. 19) to my April 21, 2009, memorandum and order (Doc. Nos. 17, 18), which this court has construed as a motion for reconsideration[1] (Doc. No. 22), and petitioner's subsequent motion for argument (Doc. No. 23), the Court makes the following findings and conclusions:

1. On November 17, 2008, Raymond Louis Stewart ("Stewart") filed a petition for writ of habeas corpus (Doc. No. 1) alleging ineffective assistance of counsel and prosecutorial misconduct as well as due process and Fifth Amendment violations. After a close and objective review of the arguments and evidence, I found that Stewart's petition was untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2244(d)(1). As a result, I dismissed the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. See Stewart v. Coleman, No. 08-5477 (E.D. Pa. April 21, 2009) (Doc. No. 17). Presently before the Court is Stewart's motion for reconsideration, asking the Court to withdraw its order and conduct an evidentiary hearing.

---

[1] See, e.g., Graco Children's Products, Inc.. v. Regalo Intern., LLC, 77 F.Supp.2d 660, 661 n.1. (E.D. Pa. 1999) (noting that the request for reconsideration was contained in a letter that did not comply with Federal Rule of Civil Procedure 7 or Local Rule of Civil Procedure 7.1, and, despite this, the court considered the letter as a motion for reconsideration).

2. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed.R.Civ.P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted).

3. Stewart appears to argue that I must re-examine my decision because of a clear error of law or fact and manifest injustice. In support thereof, he erroneously contends that his habeas petition is timely because his second petition for collateral relief petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., was timely filed. Stewart also contends that the due diligence he has shown throughout his appeal process should render his petition timely.

4. Stewart's argument that I erred in finding that his petition was time-barred is based on a faulty understanding of the federal habeas time-bar calculations. For the reasons set forth in my April 21, 2009 Memorandum, an untimely PCRA petition is not a "properly filed" application for relief entitled to statutory tolling under 28 U.S.C. § 2254(d)(2), thus it does not "stop the clock" for purposes of the federal statute of limitations. See Stewart v. Coleman, No. 08-5477, at 5 & n.4 (E.D. Pa. April 21, 2009) (Doc. No. 17). Stewart does not point to any "new" factual or legal issue that would alter the disposition of this matter, nor does he present any clear error of law or fact that would necessitate a different ruling.

5. Stewart has also failed to establish that he is entitled to equitable tolling of the federal statute of limitations. He argues that he diligently attempted to exhaust his state court remedies and file a timely federal habeas petition in this court.[2] However, Stewart waited more than seven months after the denial of his first PCRA petition before filing his second, untimely PCRA petition in state court. LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (due diligence obligation does not pertain solely to the filing of the federal habeas petition, but rather is an obligation that exists during the period a petitioner is

---

[2] A habeas petitioner seeking equitable tolling must establish that he has pursued his rights diligently and that extraordinary circumstances prevented him from asserting his claims. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

2

exhausting state court remedies as well).  Although he filed his federal habeas petition shortly after his second PCRA petition was denied, "miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" of the federal statute of limitations.  Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); see also School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").  As such, Stewart's lack of diligence in ascertaining the appropriate filing date for the instant habeas petition renders Stewart's claims ineligible for equitable tolling.

      6. Despite his arguments to the contrary, Stewart has not provided any evidence of a clear error of law or fact, nor has he demonstrated that manifest injustice will result from my ruling.

      Accordingly, it is hereby **ORDERED** that the motion to reconsider and for an evidentiary hearing (Doc. Nos. 19, 23) by **RAYMOND LOUIS STEWART** is **DENIED**.  It is further **ORDERED** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Stewart has failed to make a substantial showing of denial of a constitutional right.

/s Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.